Edward Thompson, J.
A demurrer was duly filed on May 7, 1968 to an indictment charging this defendant with the crimes of robbery in the first degree, grand larceny in the second degree, assault in the second degree (nine counts), and carrying a dangerous weapon as a felony.
The demurrer states that the Grand Jury which found this indictment had no legal authority to inquire into the crimes charged.
The facts are as follows: Defendant was arrested on June 11, 1962, was sent to Kings County Hospital for a psychiatric examination, found insane and committed to Matteawan State Hospital on July 5,1962. Thereafter, he was indicted on December 14, 1962 for the crimes of robbery, first degree; grand larceny, second degree; assault, second degree (nine counts) and carrying a dangerous weapon as a felony. He was declared recovered on February 19, 1968 at Matteawan and returned to this court. Thereupon the defendant was committed to Kings County Hospital and on April 23, 1968 he was found sane and capable of understanding the charges against him, the proceedings, and of making his defense.
By his demurrer, the defendant contends that the Grand Jury had no authority to inquire into the crime charged because section 662-b of the Code of Criminal Procedure provides that when a defendant is found to be incapable of understanding the charges, all proceedings must be suspended. This argument has no merit because defendant was not and could not be subject to the provisions of this section. Sections 658 to 662 of the Code of Criminal Procedure relate to insanity proceedings only after indictment. Hence, the proceedings referred to in section 662-b are only post-indictment proceedings.
Ergo, this defendant became subject to the provisions of section 872 of the code. Sections 870 through 876 relate to insanity proceedings prior to indictment. Subdivision 2 of section 872 provides that when á defendant who has not yet been indicted is found to be insane and is committed, “ None of the provisions of this title shall prevent the district attorney at any time from reopening the matter and from presenting evidence against the defendant to a grand jury. If the defendant be indicted or in *900 the city of New York in the case of a misdemeanor and information be filed against him by the district attorney, the warrant shall be lodged with the director of the institution where he is confined and all further proceedings shall be had as if he had been indicted prior to his commitment.”
Said section also provides: “ If the district attorney has not reopened the matter or presented evidence thereon against the defendant to a grand jury prior to the expiration of six months from the date of the defendant’s commitment * * * the district attorney may not present evidence thereon to a grand jury.”
Obviously the District Attorney has complied with this section since the defendant was indicted within six months (July 5,1962 to December 14, 1962) after commitment.
Accordingly, the Grand Jury had authority to indict the defendant. The demurrer is disallowed.
Judgment entered accordingly and the defendant is directed to appear for arraignment on this indictment before Part I of the Criminal Term of the Supreme Court, Queens County, on June 3,1968.